STATE OF NEW YORK
<u>SUPREME COURT     COUNTY OF MONROE</u>

**THOMASINA FERGUSON,**

                Plaintiff,

-vs-

**CITY OF ROCHESTER SCHOOL DISTRICT,**

                Defendant.

Plaintiff designates Monroe County as the place of trial

**SUMMONS**

Index No. 8876-04

Basis of venue: Plaintiff's place of residence and situs of cause of action

**TO THE ABOVE-NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's Attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service [or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York]; and in case of your failure to appear or answer, Judgment will be taken against you for the relief demanded in the Complaint.

Dated:    Rochester, New York
             August 4, 2004

                        **BILGORE, REICH, LEVINE & KANTOR**

                By:   _/s/ Theodore S. Kantor_

                        Theodore S. Kantor, Esq., of counsel
                        Attorneys for Plaintiff
                        Office & P. O. Address
                        16 East Main Street
                        950 Reynolds Arcade Building
                        Rochester, New York  14614-1891
                        (585) 262-4700

Plaintiff's Address:    16 Bru Mar Drive
                             Rochester, New York 14606-5343
                             County of Monroe

Defendant's Address:  131 West Broad Street
                             Rochester, New York 14614
                             County of Monroe

SUPREME COURT
STATE OF NEW YORK   COUNTY OF MONROE

---

THOMASINA FERGUSON,

        PLAINTIFF,

vs.

CITY OF ROCHESTER SCHOOL DISTRICT,

        DEFENDANT.

---

VERIFIED COMPLAINT
INDEX NO. 8876-04

**PLEASE TAKE NOTICE**, that the undersigned Plaintiff, **THOMASINA FERGUSON**, by and through her attorneys, **Bilgore, Reich, Levine & Kantor**, as and for her Complaint respectfully shows to the Court and alleges, as follows;

1. The Plaintiff's name and address is **THOMASINA FERGUSON**, 16 Bru Mar Drive, Rochester, N.Y. 14606-5343. Plaintiff is a citizen of the United States of America and is a resident and domicile in the County of Monroe, State of New York.

2. Upon information and belief, the Defendant, **CITY OF ROCHESTER SCHOOL DISTRICT, ("RCSD")**, is a duly constituted governmental entity legally constituted to conduct its business in the State of New York, County of Monroe and the City of Rochester.

3. The Plaintiff was a duly licensed Special Education teacher employed by the RCSD for many years.

4. As a result of a program offered by the RCSD, the Plaintiff, on or about January

24, 2002, initially opted to take the Rochester City School District's VESA ("Voluntary Employee Separation Agreement") benefits effective July 1, 2003..

5. Within one day after electing to take the aforesaid RCSD's VESA benefits, i.e., on or about January 25, 2002 and again on January 28, 2002, i.e., the next business day, the Plaintiff sought to rescind the VESA Election form which she had submitted because on the day she submitted said form she was ill and taking prescribed medication which detrimentally affected her judgment.

6. In addition, prior to submitting the aforesaid VESA election form, the Plaintiff had numerous discussions with various officials of the RCSD, including but not limited to Dennis Francione, Principal of the Franklin H.S. Global Media Academy, and Martha Keating, a Vice President of the Rochester Teachers Association, and Mitch Adams, and RCSD Administrator, all of whom represented to the Plaintiff that she would be allowed to be employed part-time for the RCSD in a .6 to .8 position, notwithstanding her VESA election.

7. The Plaintiff relied upon these representations orally made to her by the aforesaid officials of the RCSD, to her detriment.

8. Moreover, prior to the Plaintiff submitting the aforesaid VESA election form, the Plaintiff was informed that she had three (3) business days to rescind her VESA election, which the Plaintiff did exercise, as aforementioned on January 25, 2002 and January 28, 2002, however, the RCSD has failed and/or refused to permit the Plaintiff either to rescind the aforesaid VESA election or to work part-time for the District.

9. Upon information and belief, the RCSD has permitted certain individuals to rescind their VESA elections, but it has not permitted this Plaintiff to rescind in a similar fashion.

10. Accordingly, the RCSD has denied this Plaintiff equal protection and due process of law in selectively allowing certain individuals to rescind but not all such individuals.

11. The Plaintiff duly filed a Notice of Claim on or about August 7, 2003, within ninety (90) days of said Claim arising, i.e., on or about June 30, 2003, at the close of the academic year, in Rochester, N.Y., when the Plaintiff was first informed that she was not eligible to be employed by the District in either a full-time or part-time position notwithstanding the prior representations of fact made to her by District officials.

12. The Plaintiff has been damaged by reason of the loss of salary and employment related benefits including but not limited to dental insurance benefits. In addition, the Plaintiff declined a job offer with a different employer based upon the material factual representations expressly made to her that she would be eligible for either full-time or part-time employment with the RCSD, as aforesaid.

13. More than thirty (30) days have elapsed since the filing of the aforesaid Notice of Claim and less than one year and ninety days have elapsed since this Claim arose. The Defendant has failed and/or refused to properly adjust this Claim and no payment by the RCSD or any other entity on their behalf has been made to the Plaintiff by reason hereof.

14. In addition to the economic and pecuniary damages which have been sustained by the Plaintiff by reason hereof, the Plaintiff has also suffered compensatory damages in the nature of pain and suffering by reason of the failure and/or refusal of the RCSD to act in accordance with the promises and representations which they made to her, and the embarrassment and humiliation she has suffered by reason of the actions of the RCSD and the loss of her job and her livelihood under circumstances which should lead a Court of Law to allow her to rescind said former VESA election and return to work for the RCSD with all of the privileges, immunities and seniority consistent with her former position as a Special Education teacher employed by the RCSD.

**WHEREFORE**, the Plaintiff seeks a Judgment of this Court ordering Rescission of the Plaintiff's January 24, 2002 VESA election form and directing the RCSD to provide the Plaintiff with full time employment as a Special Education teacher consistent with her education, seniority, and the privileges and immunities of her former position with the RCSD, or in the alternative part-time employment of not less than a .6 to .8 part-time employment with the District, reimbursement of economic losses sustained and to be sustained in the future by the Plaintiff by reason of the material factual misrepresentations by the District, compensatory damages by reason of the pain and suffering caused by the actions and misconduct of the District, attorney's fees, the costs and disbursements of this matter and such other and further relief as shall be just and proper.

DATED: AUGUST 3, 2004

BILGORE, REICH, LEVINE, & KANTOR

By: _/s/ Theodore S. Kantor_
THEODORE S. KANTOR, ESQ.
Attorneys for Plaintiff
16 E. Main Street
Rochester, N.Y. 14614
(585) 262-4700

## VERIFICATION

STATE OF NEW YORK)
COUNTY OF MONROE)   SS.:

THOMASINA FERGUSON, being duly sworn, deposes and says:

I am the Plaintiff with respect to the foregoing Complaint. I have read the Complaint and hereby state that the same is true to the best of my own personal knowledge, except as to those matters stated to be on information and belief and as to those I believe them to be true.

_/s/ Thomasina Ferguson_
THOMASINA FERGUSON

SWORN TO BEFORE ME
THIS 3rd DAY OF AUGUST, 2004.

_/s/ Theodore S. Kantor_
NOTARY PUBLIC

THEODORE S. KANTOR
Notary Public, State of New York
Monroe County
Commission Expires May 31, 2006

5